### No. 98
### SPITZER v. STILLINGS

Ohio Supreme Court

No. 18153. Decided Jan. 29, 1924

114. ATTORNEY AND CLIENT—A party by voluntarily testifying waives the privilege as to communications with his attorney on any subject pertinent to his cause even though such communication is not mentioned by him.

Complete official syllabus of this case was published last week, 2 Abs. 100.

MARSHALL, C. J.

Epitomized Opinion
First Publication of this Opinion

Original action in the Common Pleas to recover the value of a car of corn wherein Joseph P. Spitzer and Ulrich J. Coats were plaintiffs and James Ray Stillings, executor of Harley A. Moninger, deceased, and Grover F. Moninger were defendants. The petition alleged that the corn was sold to H. M. and G. M., a partnership. G. M. made no defense. H. M. answered, denying that he was a member of the partnership or that he purchased the corn. The trial resulted in a verdict and judgment for plaintiff.

At the trial both plaintiffs testified at length as to facts and circumstances tending to prove H .M. a member of the partnership and that he participated in the purchase in question. H. M. endeavored to subject both plaintiffs to cross-examination concerning admissions it was alleged plaintiffs had made to an attorney at the time of the purchase indicating that the transaction was with G. M. alone. The court sustained objections to such cross-examination and later, said attorney being placed on the stand, sustained objections to the same questions which were asked him. Defendant G. M. prosecuted error to the Court of Appeals which reversed the judgment on the ground of the exclusion of that evidence. Plaintiffs prosecuted error to the Supreme Court which held:

## OHIO SUPREME COURT—Continued

By 11494 GC, "If the client or patient voluntarily testifies, the attorney or physician may be compelled to testify on the same subject." The phrase "on the same subject," in the absence of any limitation by the legislature, is to be taken in an unlimited and unrestricted sense. When a party voluntarily takes the stand and testifies he may be cross-examined, under our statutes, concerning communications to an attorney on any subject pertinent to his cause or defense testified to by him in chief, even though the fact of communication between them has not been referred to in the direct examination, and the attorney may be compelled to testify as to the same communications. Judgment of the Court of Appeals affirmed.